UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHU-LIEN CHANG, | ) | CASE NO.5:11CV935 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| SODEXHO, INC., et al., | ) | ORDER |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is a motion by defendant SDH Services West, LLC ("SDH")[1] to dismiss a portion of the Complaint pursuant to Fed. R. Civ. P. 12(b) (6). (Doc. 7.) Plaintiff has filed a memorandum in opposition (Doc. 10), and defendant filed its reply (Doc. 13). The matter is ripe for determination. For the reasons set forth below, defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

Plaintiff Shu-Lien Chang ("Chang") filed the Complaint on May 11, 2011. The Complaint sets forth four causes of action against defendants SDH and Virtues Restaurant:[2] Count 1 asserts a hostile work environment claim based on alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Count 2 makes a claim of intentional gender discrimination based on alleged violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §

---

[1] Defendant SDH was erroneously named in the Complaint as Sodexho, Inc.
[2] On June 23, 2011, Plaintiff voluntarily dismissed Virtues Restaurant pursuant to Fed. R. Civ. P. 41(a) (1). Plaintiff stated in her notice of dismissal that ""Virtues Restaurant" is a trade name of Summa Health Systems, [which] is owned and operated by Defendant [SDH]." Plaintiff has not named Summa Health Systems as a defendant. Consequently, SDH is the sole remaining defendant in this suit.

1

206(d); Count 3 alleges an age discrimination claim based on asserted violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and Count 4 alleges a claim of discrimination based on asserted violations of 42 U.S.C. § 1981. Plaintiff makes the following allegations in the Complaint.

Chang began working for SDH in Virtues Restaurant in April 2007 as a cook. (Doc. 1, ¶ 7.) Prior to SDH hiring Chang, she had worked as a cook for seven years. (*Id.*, ¶ 8.) Chang alleges that she is over the age of forty and is the only person of "Asian nationality" and the only woman that works in the kitchen at Virtues Restaurant. (*Id.*, ¶¶ 18, 24, 31.) Chang asserts that while working for SDH she has suffered harassment from her coworkers based on her age, race and gender, including yelling, name-calling, and coworkers mocking her accent. (*Id.*, ¶¶ 13-12, 16.) She alleges that this harassment has created a hostile work environment that has interfered with her ability to work and resulted in anxiety and increased blood pressure. (*Id.*, ¶ 15.) Further, she asserts that SDH has subjected her to discriminatory adverse employment actions, including reprimands, write-ups, excess scrutiny, and shorter hours. (*Id.*, ¶¶ 19, 25, 32.) Chang states that similarly situated male and/or younger employees are not subjected to the same scrutiny. (*Id.*, ¶¶ 20, 26.) Moreover, she claims that SDH has scheduled a less qualified, younger male employee for a greater number of hours then her, and promoted and gave a raise to a junior, less qualified, younger male employee to a chef position, while Chang has remained in the same lower cook position for four years. (*Id.*, ¶¶ 21-22, 28, 34-35.)

Chang filed a charge against SDH with the Equal Employment Opportunity Commission ("EEOC") on December 6, 2010, alleging discrimination based on her age, race and gender.[3] On February 10, 2011, the EEOC issued a Dismissal and Notice of Rights to Chang.

---

[3] The Complaint asserts that the EEOC charge was filed in December 2010; however, a copy of the charge that was submitted by plaintiff in opposition to this motion indicates that the EEOC received Chang's charge on July 21,

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief [,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In determining whether to grant a Rule 12(b)(6) motion, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate*

---

2010. (Doc. 10-2.) As well, the charge form indicates that the charge was premised on discrimination based on sex, national origin, and retaliation. (*Id.*)

3

*Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### B.  Analysis

Defendant has moved to dismiss three out of four of the plaintiff's claims. First, defendant argues that plaintiff's ADEA claim must be dismissed because she has failed to exhaust her administrative remedies as required prior to filing suit. Second, defendant asserts that plaintiff's EPA claim fails because she has not alleged sufficient facts to make a plausible claim for relief. Third, defendant seeks dismissal of plaintiff's Section 1981 claim because it is based on national origin and gender discrimination, which categories are not covered by that statute. As outlined more fully below, defendants' motion is granted in part and denied in part.

#### 1.  Equal Pay Act Claim

Defendant argues that plaintiff's gender discrimination claim under the Equal Pay Act fails to state a claim upon which relief can be granted because she has neglected to provide any factual basis in support of her claim. *Unger v. City of Mentor*, 387 Fed. App'x 589, 595 (6th Cir. 2010) (affirming district court's dismissal of EPA claim because the complaint cited "nothing more than the claim's legal elements, neglecting to provide any factual basis in support"). Plaintiff has failed to respond to or oppose defendant's motion to dismiss the EPA claim. This failure "may be deemed a waiver of opposition to the motion, abandonment and/or a confession." *Sharp v. Cleveland Metro. Sch. Dist.*, 1:08CV2026, 2009 WL 8805, *3 (N.D. Ohio Jan. 12, 2009) (citing *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989)). Accordingly, the Court dismisses plaintiff's EPA claim (Count 2) as plaintiff has waived opposition to defendant's motion by failing to respond or oppose.

**2. Age Discrimination in Employment Act Claim**

Defendant argues that plaintiff's ADEA claim fails because plaintiff's EEOC charge did not include an age discrimination claim and therefore, she has not exhausted her administrative remedies. (Doc. 7-1.) "It is beyond dispute that a charge of discrimination with the EEOC is a jurisdictional prerequisite to filing a civil action in this Court." *Quadri v. Ohio Dept. of Transp.*, 2:10-CV-733, 2011 WL 2174983, *6 (S.D. Ohio June 3, 2011) (citing Strouss v. Mich. Dep't of Corr., 250 F.3d 336, 342 (6th Cir. 2001); *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1986)). In opposition, plaintiff argues that her charge letter to the EEOC did include a claim for age discrimination, but that, "for reasons unknown," this claim was not indicated on the charge letter issued by the EEOC to defendant SDH. (Doc. 10-2.) Defendant argues in reply that the facts contained in the charge letter were insufficient to prompt the EEOC to investigate an age discrimination claim, and plaintiff is precluded from suing on that claim now. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

In reply, defendant for the first time also argues that, even if plaintiff's EEOC charge did include an age discrimination claim, plaintiff did not file her EEOC claim within the 300-day statutory limitation period of the ADEA, and her claim is thus time barred. "It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the opposition." *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004) (citing *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir. 2002)). Neither defendant in its original motion, nor plaintiff in her opposition, raised the issued as to whether plaintiff's alleged age discrimination claim was or was not time barred under the ADEA. Therefore, this argument is not properly before this court and fails for procedural reasons. *Id.*

Returning to defendant's exhaustion argument, the general rule is that "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002) (quoting *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 546-47 (6th Cir. 1991)) (internal quotations omitted). This principle is known as the expected scope of investigation test. *Weigel*, 302 F.3d at 380. Pursuant to this rule, the Sixth Circuit has recognized that "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). "Plaintiffs are not to be penalized if the EEOC investigation should have been larger in scope." *Scott v. Eastman Chem. Co.*, 275 F. App'x. 466, 471 (6th Cir. 2008) (citing *Dixon*, 392 F.3d at 219).

As a preliminary matter, the Court notes that the plaintiff did not check the "Age" box on the Charge of Discrimination. However, in the Sixth Circuit, "that failure is not dispositive of whether [Chang] exhausted [her] administrative remedies." *Dixon*, 392 F.3d at 217.

In reviewing the remainder of Chang's EEOC charge letter, the Court finds that the EEOC was not on notice of a claim of age discrimination. The charge includes a narrative written by Chang on her counsel's letterhead. (Doc. 10-2.) The focus of the letter is on her complaints of discrimination on the basis of race and gender. The word "younger" is used in the letter in reference to a 2008 incident where she expressed her dissatisfaction that a newly hired "white, *younger*, female" had received a higher starting wage than she was earning at the time. (*Id.*) (emphasis added). Chang's letter, however, indicates that management resolved the matter

6

by giving her a raise. There is nothing to indicate that she was presenting a current claim of age discrimination to the EEOC.

Instead, the remainder of the letter contends only that SDH treated her disparately than her male counterparts with less seniority. For instance, Chang asserts that management refused her requests for additional training, which SDH offered to less senior, male employees. (*Id.*) Further, the letter asserts that, "Chef Tim only checks my work, none of the other staff (which are all male)." (*Id.*) The letter makes no mention of the ages of the male employees referred to, or even whether they are younger than Chang.[4] All that can reasonably be deduced from Chang's letter is that these men began working for SDH after Chang was hired.[5] Finally, the letter concludes with the following statement: "I have been insulted, mocked, yelled at and ignored, which I feel is because I am now the only women [*sic*], and the only asian [*sic*] on the kitchen staff. All the women that started or been there when I started have since quit because of the environment." (Doc. 10-2.)

Thus, in the Court's view, an investigation of discrimination based on age could not have been reasonably expected to arise from this EEOC charge. As a result, any claim that plaintiff brings pursuant to the ADEA is not properly before this Court. Accordingly, defendant's motion to dismiss this claim is granted, and plaintiff's ADEA claim (Count 3) is dismissed.

---

[4] *Cf. Oglesby v. Coca-Cola Bottling Co. of Chicago/Wisconsin*, 620 F. Supp. 1336, 1344 (N.D. Ill. 1985) (holding that charge could be construed to refer to age discrimination where it clearly complained of an "influx of young men" brought in to replace more senior managers).

[5] *Cf. Bonham v. Regions Mortg., Inc.*, 129 F. Supp. 2d 1315, 1321 (M.D. Ala. 2001) (holding letter to EEOC could reasonably be construed to include age bias claim where letter indicated that complainant had been employed with company for more than 21 years and was passed over for promotions in favor of a "newer clique with much less experience").

  3. **Section 1981 Claim**

    Defendants contend that Chang's Section 1981 claim fails because it alleges discrimination based on national origin and gender, categories that are not within the purview of Section 1981. The protections afforded under Section 1981 extend to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "It is well settled that § 1981 redresses only racial discrimination...." *Leon T. v. Fed. Res. Bank*, 823 F.2d 928, 931 (6th Cir. 1987) (citing *Runyon v. McCrary*, 427 U.S. 160, 168, 96 S. Ct. 2586, 49 L. Ed. 2d 415 (1976)). However, "the line between discrimination based on "ancestry or ethnic characteristics and discrimination based on place or nation of ... origin is not a bright one." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 614, 107 S. Ct. 2022, 2028-29, 95 L. Ed. 2d 582 (1987) (J. Brennan, concurring). To succeed on her claim plaintiff would have to "prove that she was subjected to intentional discrimination based on the fact that he was born an [Asian], rather than solely on the place or nation of [her] origin." *Id.* at 613, 107 S. Ct. at 2028.

    To determine whether Chang alleged sufficient facts in her Complaint to demonstrate that SDH took into account Chang's race, ancestry, or ethnic background in taking its alleged employment actions, the Court must consider the facts alleged in the Complaint, as well as those alleged in Chang's EEOC charge. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001).

    In her charge, Chang states: "I have been insulted, mocked, yelled at and ignored, which I feel is because I am now the only women [*sic*], and the only asian [*sic*] on the kitchen staff. All the women that started or been there when I started have since quit because of the environment." The Complaint alleges that Chang's EEOC charge was based on her race, that she

8

was harassed and subjected to adverse employment actions because of her race, and that she is the only person of "Asian nationality" working in the kitchen of Virtues Restaurant. (Doc. 1, ¶¶ 10, 14, 18, 31-32.) "In *Saint Francis College*, the Supreme Court took a broad view of what constitutes prohibited discrimination on the basis of "race" under § 1981, holding that discrimination based on "ancestry or ethnic characteristics" constituted race-based discrimination under the statute." *Amini*, 259 F.3d at 503. "Under this conception of race, one can state a cognizable § 1981 claim if he can allege discrimination based on any of a number of ethnicities, including: German, Italian, Spanish, Russian, and "Arab," to name just a few. *Id*. (citing *Saint Francis Coll.*, 481 U.S. at 611-13). Here, Chang alleges discrimination based on her "Asian" race and not simply on her birthplace or country of origin. This plainly falls within the Supreme Court's broad concept of "race" for purposes of a Section 1981 discrimination claim, and thus Chang's claim that SDH discriminated against her by subjecting her to adverse employment actions because of her race is sufficient to state a redressable claim under Section 1981. *Id.* Accordingly, defendant's motion to dismiss plaintiff's claim of racial discrimination in violation of Section 1981 is denied.

However, as far as plaintiff's Section 1981 claim is based on gender, it is not redressable under Section 1981. Accordingly, defendant's motion to dismiss this claim is granted, and plaintiff's claim alleging gender discrimination in violation of Section 1981 (portion of Count 4) is dismissed.

## II. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's EPA claim (Count 2), ADEA claim (Counts 3), and plaintiff's claim of gender discrimination in violation of Section 1981 (portion of

Count 4) are **DISMISSED** because the Complaint fails to state a claim upon which relief could be granted. Consequently, the only remaining claims are plaintiff's hostile work environment claim (Count 1) and her racial discrimination claim brought pursuant to Section 1981 (portion of Count 4).

    **IT IS SO ORDERED**.

Dated: August 7, 2011

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**